## Case No. 5,403.

### GIBSON et al. v. WILLIAMS.

[Brunner, Col. Cas. 19;1 2 Hayw. N. C. 281.]

Circuit Court, D. North Carolina. 1803.

HEIR—LIABILITY FOR DEBTS OF ANCESTOR.

If an heir pay debts of his ancestor, so much of the land which descended to him, as is equal to such payments, shall be deemed to have been purchased by the heir. The surplus of such land shall be charged to him at its value at the time he sold it; not what it was worth at the time it descended to him. The heir is not liable to other creditors of the ancestor for interest on such surplus.

This was a scire facias [against the heir of Williams] to subject him to the payment of a debt recovered against the executor of Wm. Williams, his ancestor. He pleaded that he had nothing by devise, and as to what he had by descent, that he had in 1796 mortgaged the lands descended, to certain creditors of his ancestor for eighteen hundred dollars, and had paid bond debts besides to the value of the lands. It appeared he had in 1801 sold the equity of redemption, and these questions arose as to the value above the debts paid for his ancestor—First, shall he pay interest for the surplus? and it was held by MARSHALL, Circuit Justice, and POTTER, District Judge, that he should not; secondly, as to the value, shall it be estimated at its worth at the death of the ancestor, or at the time of the mortgage, or at the time of sale in 1801?

PER CURIAM. So much of the lands, as the money secured by the mortgage was worth, shall be deemed to have been purchased by the heir, by payment of the debts of the ancestor; the surplus of the land shall be estimated at its worth at the time of sale in 1801. It must not be valued at its worth at the time of descent to the defendant, for the intermediate profits are a recompense for the expenses incident to holding the land, such as taxes and the like. Verdict and judgment accordingly.